**[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 480.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* BEANE.

**[Cite as *Disciplinary Counsel v. Beane*, 1995-Ohio-311.]**

*Attorneys at law—Misconduct—Six-month suspension—Filing registration certificate and fees after required date—Failing to comply with Continuing Legal Education requirements—Engaging in conduct adversely reflecting on fitness to practice law.*

(No. 95-395—Submitted April 4, 1995—Decided July 12, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-50.

———————————

{¶ 1} In a complaint filed on June 20, 1994, relator, Office of Disciplinary Counsel, charged respondent, Frank Llewellyn Beane of Massillon, Ohio, Attorney Registration No. 0032041, with having violated, *inter alia*, Gov.Bar R. VI(1) (filing registration certificate and fees after required date), X (failing to comply with Continuing Legal Education requirements), and DR 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on December 16, 1994.

{¶ 2} Respondent stipulated to the cited misconduct and testified at the hearing. The stipulations establish that relator received a grievance from one of respondent's clients in December 1993, and relator asked respondent by certified letter of January 4, 1994 to reply. The certified receipt was signed by a receptionist who worked at respondent's office address, but was not in his employ. Respondent was not practicing law at this time due to the June 18, 1993 suspension of his license for noncompliance with Continuing Legal Education ("CLE") requirements. Thus,

he did not come to his office regularly, and he did not immediately receive relator's request for information.

{¶ 3} Relator sent two more letters of inquiry to respondent at his office by certified mail in February 1994. The third letter of inquiry demanded that respondent reply by March 11, 1994, but relator received no response.

{¶ 4} Relator subsequently subpoenaed respondent for a deposition, and he appeared on April 21, 1994. During his deposition testimony, respondent acknowledged that he had been delinquent in filing his Certificate of Registration with the Clerk of the Supreme Court and in paying his fees during the three previous biennial registration periods. He further acknowledged that he had not registered, but had continued to practice law (1) from September 1, 1985 through April 22, 1986, (2) from September 1, 1987 through September 18, 1987, and (3) from September 1, 1989 through January 4, 1991.

{¶ 5} Respondent admitted that this conduct violated Gov.Bar R. VI(1) and DR 1-102(A)(6).

{¶ 6} The stipulations also established the following facts:

"* * * On August 19, 1991, Respondent was sanctioned by the Supreme Court of Ohio for failing to comply with the provisions of Gov.Bar R. X * * * for the reporting period of 1989. Respondent was ordered to pay a fine of Two Hundred Ninety Dollars ($290.00) on or before September 19, 1991. This sanction was paid on May 17, 1994, approximately thirty-two (32) months late.

"* * * On June 18, 1993, Respondent was sanctioned by the Supreme Court of Ohio for failing to comply with CLE requirements for the 1990/1991 reporting period. Respondent was ordered to pay a sanction fee in the sum of Five Hundred and Ninety Dollars ($590.00) on or before July 19, 1993. Respondent paid this sanction on June 25, 1993.

"* * * On June 18, 1993, Respondent was suspended from the practice of law for failing to comply with CLE requirements for two (2) consecutive time

periods. Respondent did not apply for reinstatement until August 8, 1994. As of the first week in November 1994, Respondent [had] completed and filed all necessary materials with the * * * [Commission on Continuing Legal Education of the Supreme Court] to terminate his CLE suspension. * * *

"* * * From August to November, 1994, * * * [the Secretary of the Commission on Continuing Legal Education, Diane Chesley-Lahm] made many unsuccessful attempts to contact Respondent, by leaving telephone messages for him at his office. [She] was never provided with another phone number where to contact [Respondent]. Respondent never returned any of * * * [her] calls."

{¶ 7} Respondent admitted that this conduct violated Gov.Bar. R. X and DR 1-102(A)(6).

{¶ 8} The panel found that respondent violated the Code of Professional Responsibility and Supreme Court Rules for the Government of the Bar, as admitted. In recommending a sanction for this misconduct, the panel considered mitigating correspondence from a Stark County common pleas judge and a Massillon municipal court judge, both of whom described respondent's competence and integrity. However, the panel also considered respondent's testimony that he maintained his office and his listing in the yellow pages while his license was under suspension, and that he essentially ignored relator's letters of inquiry when he did receive them. Moreover, in answer to the question why he did not comply with CLE requirements, respondent suggested that the requirements were too much of an imposition, which the panel considered a sign of disrespect.

{¶ 9} The panel recommended that respondent be suspended from the practice of law for six months, with no credit for time already served under his prior suspensions. The board agreed, adopting the panel's findings of fact, conclusions of law, and recommendation.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Thomas V. Ferrero*, for respondent.

————————————

**Per Curiam.**

{¶ 10} Having reviewed the record in this cause, we concur in the board's findings of misconduct and its recommendation. Respondent is hereby suspended from the practice of law in Ohio for a period of six months, and he is afforded no credit for time served under prior suspensions. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————